```
                                        FILED
                              CLERK, U.S. DISTRICT COURT

                                  11/30/2023

                              CENTRAL DISTRICT OF CALIFORNIA
                              BY: ____JB____ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>ARTUR ABELYAN,<br><br>          Defendant. | CR No. 2:23-cr-00585-MCS<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 922(a)(1)(A):<br>Engaging in the Business of<br>Dealing in Firearms Without a<br>License; 26 U.S.C. § 5861(d):<br>Possession of Unregistered<br>Firearms; 21 U.S.C. §§ 841(a)(1),<br>(b)(1)(B)(viii): Distribution of<br>Methamphetamine; 18 U.S.C.<br>§ 924(d)(1), 28 U.S.C. § 2461(c),<br>and 21 U.S.C. § 853: Criminal<br>Forfeiture] |

     The Grand Jury charges:

                           COUNT ONE

                   [18 U.S.C. § 922(a)(1)(A)]

     Beginning on an unknown date, but no later than on or about July 1, 2021, and continuing to on or about August 17, 2021, in Los Angeles County, within the Central District of California, defendant ARTUR ABELYAN, not being a licensed importer, manufacturer, or dealer of firearms, willfully engaged in the business of dealing in

firearms, specifically, the sales of the following firearms, on or about the following dates:

| DATE | FIREARM(S) |
|------|-----------|
| July 1, 2021 | (1) a privately manufactured AR-15-style, 9mm caliber, semi-automatic handgun, bearing no serial number (commonly referred to as a "ghost gun"); and<br>(2) a privately manufactured Glock-style, 9mm caliber, semi-automatic ghost gun handgun, bearing no serial number |
| July 7, 2021 | A Ruger Mini 14, .223 caliber, rifle, bearing Serial Number 183-21766 |
| July 21, 2021 | A privately manufactured AR-15-style, .350 Legend caliber, semi-automatic ghost gun rifle, bearing no serial number |
| July 27, 2021 | (1) a privately manufactured AR-15-style, .223 caliber, semi-automatic ghost gun rifle with a barrel length of approximately 9 inches, bearing no serial number;<br>(2) a privately manufactured AR-15-style, .556 caliber, semi-automatic ghost gun rifle with a barrel length of approximately 7.5 inches, bearing no serial number; and<br>(3) a privately manufactured Glock-style, 9mm caliber, semi-automatic ghost gun handgun, bearing no serial number |
| August 4, 2021 | (1) a Norinco SKS, 762 caliber, semi-automatic rifle, bearing serial number 43914;<br>(2) a privately manufactured AR-15-style, .223 caliber, ghost gun rifle with a barrel length of approximately 9.25 inches, bearing no serial number; and<br>(3) a privately manufactured, Glock-style, 9mm caliber, ghost gun handgun, bearing no serial number |
| August 17, 2021 | (1) a privately manufactured, 9mm caliber, semi-automatic ghost gun handgun, bearing no serial number; and<br>(2) a privately manufactured, 9mm caliber, semi-automatic ghost gun handgun, bearing no serial number |

COUNT TWO

[26 U.S.C. § 5861(d)]

On or about July 27, 2021, in Los Angeles County, within the Central District of California, defendant ARTUR ABELYAN knowingly possessed a firearm, namely, a privately manufactured AR-15-style, .223 caliber, semi-automatic ghost gun rifle with a barrel length of approximately 9 inches, bearing no serial number, which defendant ABELYAN knew to be a firearm and short-barrel rifle, as defined in Title 26, United States Code, Section 5845(a)(3), and which had not been registered to defendant ABELYAN in the National Firearms Registration and Transfer Record, as required by Title 26, United States Code, Chapter 53.

COUNT THREE

[26 U.S.C. § 5861(d)]

On or about July 27, 2021, in Los Angeles County, within the Central District of California, defendant ARTUR ABELYAN knowingly possessed a firearm, namely, a privately manufactured AR-15-style, .556 caliber, semi-automatic ghost gun rifle with a barrel length of approximately 7.5 inches, bearing no serial number, which defendant ABELYAN knew to be a firearm and short-barrel rifle, as defined in Title 26, United States Code, Section 5845(a)(3), and which had not been registered to defendant ABELYAN in the National Firearms Registration and Transfer Record, as required by Title 26, United States Code, Chapter 53.

COUNT FOUR

[26 U.S.C. § 5861(d)]

On or about August 4, 2021, in Los Angeles County, within the Central District of California, defendant ARTUR ABELYAN knowingly possessed a firearm, namely, a privately manufactured AR-15-style, .223 caliber, ghost gun rifle with a barrel length of approximately 9.25 inches, bearing no serial number, which defendant ABELYAN knew to be a firearm and short-barrel rifle, as defined in Title 26, United States Code, Section 5845(a)(3), and which had not been registered to defendant ABELYAN in the National Firearms Registration and Transfer Record, as required by Title 26, United States Code, Chapter 53.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii)]

On or about August 17, 2021, in Los Angeles County, within the Central District of California, defendant ARTUR ABELYAN knowingly and intentionally distributed at least five grams, that is, approximately 26 grams, of methamphetamine, a Schedule II controlled substance.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of the offenses set forth in any of Counts One through Four of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any firearm involved in or used in any such offense.

(b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

7

FORFEITURE ALLEGATION TWO

[21 U.S.C. § 853]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, in the event of the defendant's conviction of the offense set forth in Count Five of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from such offense;

(b)   All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense;

(c)   All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

(d)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.    Pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished

8

1   in value; or (e) has been commingled with other property that cannot

2   be divided without difficulty.

3

4                                                    A TRUE BILL

5

6                                                    ___/s/_____

7                                                    Foreperson

8   E. MARTIN ESTRADA
    United States Attorney
9
    MACK E. JENKINS
10  Assistant United States Attorney
    Chief, Criminal Division
11

12

13  SCOTT M. GARRINGER
    Assistant United States Attorney
14  Deputy Chief, Criminal Division

15  IAN V. YANNIELLO
    Assistant United States Attorney
16  Deputy Chief, General Crimes
    Section
17
    MORGAN J. COHEN
18  Assistant United States Attorney
    Major Frauds Section
19

20

21

22

23

24

25

26

27

28